# APPENDIX B

# EPP RESPONSE TO
# DEFENDANTS' ANTITRUST "INTRASTATE EFFECTS" APPENDICES

## APPENDIX B
### EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices[1]

| ALABAMA | |
|---|---|
| Plaintiffs withdraw their Alabama antitrust claims. | |
| **DISTRICT OF COLUMBIA** | |
| Plaintiffs' Authorities: | The statute declares unlawful anticompetitive conduct "in restraint of trade or commerce all or any part of which is within the District of Columbia." D.C. Code. § 28-4502. Courts have repeatedly held that allegations of in-district purchases at supracompetitive prices and/or suppression of competition in the district are sufficient to state a claim. *See In re Broiler Chicken Antitrust Litig.*, No. 16 C 7176, 2017 WL 5574376, at \*29 (N.D. Ill. Nov. 20, 2017); *In re Aggrenox Antitrust Litig.*, 94 F. Supp. 3d 224, 253 (D. Conn. 2015); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 14-md-02503, 2015 WL 5458570, at \*16 (D. Mass. Sept. 16, 2015); *In re Auto. Parts Antitrust Litig.*, 2013 WL 2456612, at \*20 (E.D. Mich. June 6, 2013) ("*Auto Parts I*"); *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 412 (D. Del. 2007) ("*Microprocessor*"); *In re Dig. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 407-08 (S.D.N.Y. 2011) ("*Digital Music*"); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-md-2687, 2017 WL 3131977, at \*24-25 (D.N.J. July 20, 2017). |
| Plaintiffs' Response to Defendants' | D.C. Code § 28-4501; *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 45 (D.D.C. 1998)<br><br>*GTE New Media Servs.* is not to the contrary; it holds that allegations that internet users and businesses purchasing |

---

[1] This Appendix responds to Defendants' "Antitrust Intrastate Effects" appendices in *Digoxin* (16-DG-27242-CMR, Doc. No. 139-5 (Appendix D)), *Doxycylcine* (16-DX-27242-CMR, Doc. No. 162-5 (Appendix D)), *Clobetasol* (16-CB-27242-CMR, Doc. No. 129-1 (Appendix D)), *Econazole* (16-EC-27242-CMR, Doc. No. 114-2 (Appendix D)), and *Pravastatin* (16-PV-27242-CMR, Doc. No. 114-2 (Appendix D)).

### APPENDIX B (cont'd)
### EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices

| | |
|---|---|
| Authorities: | advertisements in the District of Columbia suffice to state a claim under the statute. 21 F. Supp. 2d at 45. |
| **HAWAII** | |
| Plaintiffs' Authorities: | The statute requires only that the challenged conduct restrain "trade or commerce in the State." Haw. Rev. Stat. § 480-4(a). Plaintiffs have sufficiently alleged facts showing that trade and commerce were restrained in Hawaii. See *Solodyn,* 2015 WL 5458570, at *16; *In re Asacol Antitrust Litig.*, No. 15-cv-12730, 2016 WL 4083333, at *13-14 (D. Mass. July 20, 2016) ("*Asacol*"). |
| Plaintiffs' Response to Defendants' Authorities: | Haw. Rev. Stat. § 480-4(a); *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *8 n.10 (D.N.J. Oct. 20, 2011) ("*Magnesium Oxide*"). *Magnesium Oxide* is contrary to the weight of authority holding that these allegations are sufficient to state a claim. |
| **ILLINOIS** | |
| Plaintiffs' Authorities: | *In re Lorazepam & Clorazepate Antitrust Litig.*, 295 F. Supp. 2d 30, 48 (D.D.C. 2003) ("[T]he Illinois Antitrust Act extends not only to illegal antitrust activity that occurs wholly within Illinois, but also to activity which may have effects in that state and which may have occurred, in part, outside of Illinois."). |
| Plaintiffs' Response to Defendants' Authorities: | *Vendo Co. v. Stoner*, 245 N.E.2d 263, 281 (Ill. App. Ct. 1969). The Illinois statute was amended effective July 1, 1969 (mere months after *Vendo* was decided in January 1969) to provide that "[n]o action under this Act shall be barred on the grounds that the activities or conduct complained of in any way affects or involves interstate or foreign commerce." 740 Ill. Comp. Stat. 10/7.9. The rationale underlying the *Vendo* decision was thus expressly overruled by statutory amendment. |

## APPENDIX B (cont'd)
### EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices

| | KANSAS |
|---|---|
| Plaintiffs' Authorities: | The statute expressly covers "merchandise, produce or commerce intended for sale, use or consumption in this state." Kan. Stat. Ann. § 50-101. Plaintiffs allege purchases by and sales to class members in the state. *See Liquid Aluminum*, 2017 WL 3131977, at *24-25; *In re Wyoming Tight Sands Antitrust Cases*, No. 85-2349, 1990 WL 136788, at *4 (D. Kan. Aug. 2, 1990); *In re Photochromic Lens Antitrust Litig.*, No. 10-md-2173, 2011 WL 13141933, at *5 n.12 (M.D. Fla. Oct. 26, 2011). |
| Plaintiffs' Response to Defendants' Authorities: | Kan. Stat. Ann. § 50-101; *Magnesium Oxide*, 2011 WL 5008090, at *8 n.10. <br><br> *Magnesium Oxide* is contrary to the weight of authority holding that these allegations are sufficient to state a claim. |
| | MAINE |
| Plaintiffs' Authorities: | The statute requires only that the challenged conduct restrain "trade or commerce in this State." Me. Rev. Stat. Ann. Tit.10 § 1101. This language has been interpreted in accordance with other states' antitrust statutes as applying to conduct that affects consumers within Maine. *In re Microsoft Antitrust Litig.*, No. Civ. A.CV-99-709, 2001 WL 1711517, at *1 (Me. Super. Ct. Mar. 26, 2001). |
| Plaintiffs' Response to Defendants' Authorities: | Me. Rev. Stat. Ann. Tit. 10 § 1101; *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371 (S.D. Fla. 2001) ("*Terazosin*"). <br><br> *Terazosin* dismissed the Maine statutory claims on Article III standing grounds because no named plaintiff made purchases in the state, and is therefore inapposite. |

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

|  | **MINNESOTA** |
|---|---|
| Plaintiffs' Authorities: | Minnesota's statute expressly applies to conspiracies "wherever created, formed, or entered into…whenever any of the foregoing affects the trade or commerce of this state." Minn. Stat. § 325D.54(b). This language has been interpreted to permit claims based on allegations of in-state purchases at supracompetitive prices. *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline PLC*, 737 F. Supp. 2d 380, 397 (E.D. Pa. 2010); *Digital Music*, 812 F. Supp. 2d at 408. |
| Plaintiffs' Response to Defendants' Authorities: | Minn. Stat. § 325D.54(a); *Terazosin*, 160 F. Supp. 2d at 1371.<br><br>*Terazosin* dismissed the Minnesota statutory claims on Article III standing grounds because no named plaintiff made purchases in the state, and is therefore inapposite. |
|  | **NEBRASKA** |
| Plaintiffs' Authorities: | Allegations of a nationwide price-fixing conspiracy that impacts indirect purchasers within the state are sufficient to state a claim under Nebraska's antitrust statute. *See Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | Neb. Rev. Stat. § 59-801; *Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*, 828 N.W.2d 147, 150-51 (Neb. 2013); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) ("*GPU*"); *Terazosin*, 160 F. Supp. 2d 1365, 1371.<br><br>*GPU* dismissed the Nebraska claims on Article III grounds and is therefore inapposite; *Terazosin* did not address Nebraska law at all. |
|  | **NEVADA** |

4

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

| | |
|---|---|
| Plaintiffs' Authorities: | Courts have repeatedly held that Nevada's statute permits claims based on allegations of in-state effects – such as in-state purchases at supracompetitive prices – that are similar (and in some cases virtually identical) to those asserted by Plaintiffs here. *See In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 698-99 (E.D. Pa. 2014); *Solodyn*, 2015 WL 5458570, at *16; *Auto Parts I*, 2013 WL 2456612, at *20; *Microprocessor*, 496 F. Supp. 2d at 413-14; *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 397; *Asacol*, 2016 WL 4083333, at *13-14; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | Nev. Rev. Stat. § 598A.060; *In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 889 (E.D. Mich. 2014); *Magnesium Oxide*, 2011 WL 5008090, at *8; *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 397.<br><br>*Sheet Metal Workers Local 441* held that allegations of "illegal maintenance of a nationwide monopoly that resulted in monopolistic overpricing of Wellbutrin SR in Nevada" stated a claim under the Nevada statute. *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 397. *Automotive Parts* likewise allowed Nevada claims to proceed based on allegations that plaintiffs purchased products at inflated prices in Nevada. *Auto. Parts*, 50 F. Supp. 3d at 889. *Magnesium Oxide* dismissed the Nevada statutory claims on Article III standing grounds and is therefore inapposite. 2011 WL 5008090, at *8-9. |
| | **NEW MEXICO** |
| Plaintiffs' Authorities: | The statute requires only that the challenged conduct restrain trade or commerce "any part of which trade or commerce is within this state." N.M. Stat. Ann. § 57-1-1. As *New Motor Vehicles* explains, allegations that a product affected by the conspiracy was sold in New Mexico are sufficient to state a claim under the statute. *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 172 (D. Me. 2004). |
| Plaintiffs' Response to Defendants' Authorities: | N.M. Stat. Ann. § 57-1-1; *New Motor Vehicles*, 350 F. Supp. 2d at 172; *Terazosin*, 160 F. Supp. 2d at 1371.<br><br>*Terazosin* dismissed the New Mexico statutory claims on Article III standing grounds because no named plaintiff made purchases in the state, and is therefore inapposite. |

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

| | **NEW YORK** |
|---|---|
| Plaintiffs' Authorities: | Courts have repeatedly held that allegations of in-state purchases at supracompetitive prices or in-state suppression of competition are sufficient to state a claim under the New York statute. *See Aggrenox*, 94 F. Supp. 3d at 253; *Solodyn*, 2015 WL 5458570, at *16; *Auto Parts I*, 2013 WL 2456612, at *20; *Asacol*, 2016 WL 4083333, at *13-14; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | N.Y. Gen. Bus. Law § 340(1); *H-Quotient, Inc. v. Knight Trading Grp., Inc.*, No. 03 Civ. 5889, 2005 WL 323750, at *4-5 (S.D.N.Y. Feb. 9, 2005) (citing *Two Queens, Inc. v. Scoza*, N.Y.S.2d 517, 519 (N.Y. App. Div. 2002)); *In re Cast Iron Soil Pipe & Fittings Antitrust Litig.*, No. 1:14-md-2508, 2015 WL 5166014, at *24 (E.D. Tenn. June 24, 2015); *Conergy AG v. MEMC Elec. Materials, Inc.*, 651 F. Supp. 2d 51, 61-62 (S.D.N.Y. 2009).<br><br>In *H-Quotient* and *Conergy AG*, unlike here, the plaintiff failed to make any allegations of impact on New York commerce. *H-Quotient, Inc.*, 2005 WL 323750, at *4-5; *Conergy*, 651 F. Supp. 2d at 61-62. *Cast Iron Soil Pipe* goes against the overwhelming weight of authority cited above. |
| | **NORTH CAROLINA** |
| Plaintiffs' Authorities: | The statute requires only that the challenged conduct restrain "trade or commerce in the State of North Carolina." N.C. Gen. Stat. § 75-1. This language has been repeatedly interpreted, including in *Flonase*, to permit claims based on allegations of in-state purchases at supracompetitive prices or in-state suppression of competition. *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 540 (E.D. Pa. 2010); *Auto Parts I*, 2013 WL 2456612, at *20; *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 231 (S.D.N.Y. 2012); *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 400; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | N.C. Gen. Stat. § 75-1; *Flonase*, 692 F. Supp. 2d at 540; *Lawrence v. UMLIC-Five Corp.*, No. 06 CVS 20643, 2007 WL 2570256, at *6 (N.C. Super. June 18, 2007); *Terazosin,* 160 F. Supp. 2d at 1371; *Cast Iron Soil Pipe,* 2015 WL 5166014, at *23.<br><br>*Terazosin,* 160 F. Supp. 2d at 1371, dismissed the North Carolina statutory claims on Article III standing grounds |

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

|  | because no named plaintiff made purchases in the state, and is therefore inapposite. *Cast Iron Soil Pipe* goes against the overwhelming weight of authority cited above. *Lawrence* involved allegations of wrongful conduct that affected a transaction in Texas, and did not address the question of whether allegations of purchases in North Carolina are sufficient to state a claim (though it does note that allegations of in-state injury are sufficient to state a claim under the North Carolina UDTPA). 2007 WL 2570256, at *5-7. |
|---|---|
| **NORTH DAKOTA** ||
| Plaintiffs' Authorities: | North Dakota's statute is not limited to injuries or transactions occurring in North Dakota. *See In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 889 (E.D. Pa. 2012); *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | N.D. Cent. Code Ann. §§ 51-08.1-01-02; *Terazosin,* 160 F. Supp. 2d at 1371; *GPU*, 527 F. Supp. 2d at 1026.<br><br>*Terazosin* and *GPU* dismissed the North Dakota claims on Article III grounds and did not reach the intrastate question. |
| **OREGON** ||
| Plaintiffs' Authorities: | The Oregon statute expressly declares that it is intended to apply to "interstate trade or commerce involving an actual or threatened injury to a person or property located in this state." Or. Rev. Stat. Ann. § 646.715(2). The statute has been interpreted to permit claims based on allegations of in-state purchases at supracompetitive prices and suppression of competition in-state. *See Solodyn*, 2015 WL 5458570, at *16; *Asacol*, 2016 WL 4083333, at *13-14. |
| Plaintiffs' Response to Defendants' Authorities: | Or. Rev. Stat. Ann. § 646.715(2); *FTC v. Mylan Labs., Inc.,* 62 F. Supp. 2d 25, 50-51 (D.D.C. 1999), *on reconsideration in part,* 99 F. Supp. 2d 1 (D.D.C. 1999).<br><br>The Oregon statute was amended in 2001, after the 1999 *FTC v. Mylan* decision cited by Defendants, to delete the language relied on in that decision and add the language quoted above. *See* 2001 Or. Laws Ch. 415 (H.B. 2216). |

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

| | |
|---|---|
| **SOUTH DAKOTA** | |
| Plaintiffs' Authorities: | South Dakota's statute prohibits anticompetitive conduct "in restraint of trade or commerce any part of which is within this state . . . ." S.D. Codified Laws § 37-1-3.1. This language has repeatedly been interpreted as allowing claims based on allegations of in-state purchases at supracompetitive prices and suppression of competition in-state. *See Auto Parts I*, 2013 WL 2456612, at *20; *Microprocessor*, 496 F. Supp. 2d at 414; *Digital Music*, 812 F. Supp. 2d at 407-08; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | S.D. Codified Laws § 37-1-3.1; *Cast Iron Soil Pipe,* 2015 WL 5166014, at *23-27; *Terazosin,* 160 F. Supp. 2d at 1371.<br><br>*Terazosin* dismissed the South Dakota claims on Article III grounds and did not reach the intrastate question. *Cast Iron Soil Pipe* goes against the overwhelming weight of authority cited above. |
| **TENNESSEE** | |
| Plaintiffs' Authorities: | Tennessee's statute has been repeatedly interpreted to permit claims based on allegations of purchases at supracompetitive prices and/or suppressed competition in Tennessee. *See Aggrenox*, 94 F. Supp. 3d at 253; *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 666-67 (E.D. Mich. 2000); *Auto Parts I*, 2013 WL 2456612, at *20; *Digital Music*, 812 F. Supp. 2d at 407-08; *Asacol*, 2016 WL 4083333, at *13-14; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | *Sherwood v. Microsoft Corp.*, No. M2000-01850-COA-R9-CV, 2003 WL 21780975, at *11, 19 n.23 (Tenn. Ct. App. July 31, 2003); *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 522 (Tenn. 2005).<br><br>*Sherwood* and *Freeman* are consistent with these decisions – both concluded that the "substantial effects" test applies under the Tennessee statute. *Sherwood* held that allegations that the defendant's misconduct resulted in suppression of competition and higher prices in Tennessee were sufficient to state a claim. In *Freeman*, the court dismissed the statutory claims because there were no allegations that the plaintiff had purchased the products in Tennessee. |

8

APPENDIX B (cont'd)
EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices

| | WEST VIRGINIA |
|---|---|
| Plaintiffs' Authorities: | The statute declares unlawful anticompetitive conduct "in restraint of trade or commerce in this State…" W. Va. Code § 47-18-3(a).  The statute has been repeatedly interpreted to permit claims based on allegations of purchases at supracompetitive prices and/or suppressed competition in West Virginia. *Solodyn*, 2015 WL 5458570, at *16; *Auto Parts I*, 2013 WL 2456612, at *20; *Microprocessor*, 496 F. Supp. 2d at 414; *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 397; *Digital Music*, 812 F. Supp. 2d at 407-08; *Asacol*, 2016 WL 4083333, at *13-14; *Liquid Aluminum*, 2017 WL 3131977, at *24-25. |
| Plaintiffs' Response to Defendants' Authorities: | W. Va. Code § 47-18-3(a); *Kessel v. Monongalia Cty. Gen. Hosp. Co.*, 648 S.E.2d 366, 375 (W. Va. 2007); *Terazosin*, 160 F. Supp. 2d at 1371. <br><br> *Terazosin* dismissed the West Virginia claims on Article III grounds and did not reach the intrastate question. *Kessel* analyzed the questions of whether and to what extent the West Virginia statute should be interpreted in harmony with federal law but did not address whether in-state effects on competition state a claim.  *Kessel*, 220 W. Va. at 375-84. |
| | WISCONSIN |
| Plaintiffs' Authorities: | The Wisconsin Supreme Court has expressly held that conduct that "substantially affects" Wisconsin and "has impacts in this state" states a claim under the statute, "even if the illegal activity resulting in those impacts occurred predominantly or exclusively outside this state."  *Olstad v. Microsoft Corp.*, 284 Wis. 2d 224, 262 (2005).  Moreover, the court has expressly held that allegations of purchases at supracompetitive prices by purchasers in Wisconsin are sufficient to satisfy the statutory requirement.  *Meyers v. Bayer AG*, 735 N.W.2d 448, 456-65 (Wis. 2007).  Accordingly, courts have repeatedly held that allegations of in-state purchases at supracompetitive prices and/or suppression of competition in the state are sufficient to state a claim.  See *Broiler Chicken*, 2017 WL 5574376, at *29; *Aggrenox*, 94 F. Supp. 3d at 253; *Cardizem*, 105 F. Supp. 2d at 666; *Flonase*, 692 F. Supp. 2d at 535; *Sheet Metal Workers Local 441*, 737 F. Supp. 2d at 401-02; *Digital Music*, 812 F. Supp. 2d at 407-08; *Asacol*, 2016 WL 4083333, at *13-14. |
| Plaintiffs' | *Olstad v. Microsoft Corp.*, 700 N.W.2d 139, 141 (Wis. 2005); *Emergency One, Inc. v. Waterous Co.*, 23 F. Supp. 2d |

**APPENDIX B (cont'd)**
**EPPs' Response to Defendants' "Antitrust Intrastate Effects" Appendices**

| | |
|---|---|
| Response to Defendants' Authorities: | 959, 969, 971 (E.D. Wis. 1998); *Photochromic Lens*, 2011 WL 13141933, at *5 & n.12; *Cast Iron Soil Pipe,* 2015 WL 5166014, at *26; *Meyers*, 735 N.W.2d at 460. |
| | In *Emergency One*, the plaintiff failed to allege a single contract in Wisconsin that was affected by the anticompetitive conduct. 23 F. Supp. 2d at 971. Likewise, in *Photochromic Lens*, unlike here, the plaintiffs failed to demonstrate substantial affects in Wisconsin. *Cast Iron Soil Pipe* goes against the overwhelming weight of authority cited above. |